UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVITI T.,[1]

              Petitioner,

      v.

CHRISTOPHER CHESTNUT, Warden, California City Correctional Center; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, acting in their official capacities,

              Respondents.

No. 1:26-cv-01453-KES-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION**

**[10-DAY DEADLINE]**

Petitioner Daviti T. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) The Court has previously addressed the legal issues raised by the petition. See, e.g., Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC),

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

2026 WL 84302 (E.D. Cal. Jan. 12, 2026); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

On February 20, 2026, the Court ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in the cases cited above that would justify denying the petition. (Doc. 5.) On February 24, 2026, Respondents filed a response in which Respondents object to the award of injunctive relief and granting of the petition but "agree that there are no factual or legal issues in this case that render it substantively distinct from the Court's prior orders." (Doc. 7 at 2.)

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in Elmer Joel M. C. v. Wofford, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons addressed in those prior orders.

Respondent also requests that the case be held in abeyance pending several cases making their way through the Ninth Circuit Court of Appeals. See, e.g., Rodriguez v. Bostock, No. 25-6842. The Court recommends denying a stay of the case as the law is clear in this District, and Petitioner is clearly entitled to relief.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **March 9, 2026**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

3